Lin v. Sessions

BIA
A075 780 271

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> BARRINGTON D. PARKER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

TINGYI LIN, AKA TING JIANG LIN, AKA CADY JIANG,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

17-73
NAC

_____

FOR PETITIONER: Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Keith I. McManus, Assistant Director; John F. Stanton, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tingyi Lin, a native and citizen of the People's Republic of China, seeks review of a December 28, 2016, decision of the BIA, denying Lin's motion to reopen. *In re Tingyi Lin,* No. A075 780 271 (B.I.A. Dec. 28, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In her motion to reopen, Lin asserted that conditions for Christians had worsened in China excusing the untimely filing of her motion and demonstrating her prima facie eligibility for asylum based on her conversion to Christianity in the United States.

It is undisputed that Lin's 2016 motion to reopen was untimely filed more than seven years after her removal order became final in 2009. *See* 8 U.S.C.

§ 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).  The BIA did not err in finding that Lin failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).  As the BIA found, reports from the U.S. Department of State demonstrate that the Chinese government has viewed unfavorably and mistreated unregistered Christian groups since before Lin's 2007 hearing.  Although

3

Lin presented evidence that officials in her home province had recently targeted large churches for demolition and arrested members who attempted to prevent such demolitions, the country conditions evidence from 2007 describes similar conditions with local officials targeting for demolition those churches that had grown large and more visible.

Accordingly, given that the country conditions evidence of suppression and interference with unregistered Christian groups at the time of Lin's hearing in 2007, and the continuation of such conditions at the time she filed her motion, the BIA reasonably concluded that this evidence did not demonstrate a material change in country conditions excusing the untimely filing of her motion. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also In re S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type."). We do not reach the BIA's alternative basis for denying Lin's motion—her failure to establish her prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies

4

are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

   For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court

5